FILED
2024 Jan-12  AM 11:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANTHONERIA McELROY,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:23-cv-00062-ACA** |
| | ] | |
| **JEFFERSON COUNTY COMMISSION,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## <u>MEMORANDUM OPINION</u>

In her amended complaint, Plaintiff Anthoneria McElroy sued her employer, Defendant Jefferson County Commission, for (1) gender/sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (2) age discrimination, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a); (3) retaliation, in violation of the ADEA, 29 U.S.C. § 623(d); and (4) disability discrimination, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112(a). (Doc. 4). Jefferson County moves to dismiss the amended complaint. (Doc. 21).

The court **WILL GRANT IN PART** and **WILL DENY IN PART** Jefferson County's motion. The court **WILL GRANT** the motion to dismiss the gender/sex discrimination claim because it is procedurally barred. The court **WILL DENY AS MOOT** Jefferson County's motion to dismiss the disability retaliation claim because

Ms. McElroy does not plead a claim of retaliation under the ADA. The court **WILL DENY** the motion to dismiss the age discrimination and retaliation claim under the ADEA because Ms. McElroy's amended complaint is timely and she plausibly states a claim for relief. Finally, the court **WILL GRANT** Jefferson County's motion to dismiss Ms. McElroy's request for punitive damages and **WILL DISMISS WITH PREJUDICE** Ms. McElroy's request for punitive damages.

## I.    BACKGROUND

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and "draw all reasonable inferences in favor of" the plaintiff. *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1043 (11th Cir. 2019). The court may also consider evidence outside the complaint if the evidence is central to the plaintiff's claim and its authenticity is not challenged. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). If the defendant attached the document to its motion to dismiss, the plaintiff must also mention the document in the complaint. *Edwards v. Dothan City Schs.*, 82 F.4th 1306, 1311 (11th Cir. 2023).

Ms. McElroy, a woman born in 1952, alleges she works as a workforce planner for Jefferson County. (*See* doc. 4 at 3–4). In 2019, when she was sixty-seven-years old, she informed a supervisor that she thought she was being discriminated against because of her age. (*Id.* at 3; *see id.* at 2). The supervisor followed her down

the hall to her office, leaned over her desk so they were face-to-face and said in a threatening tone that Ms. McElroy "was never to say that [the supervisor] discriminated against [her] because of [her] age." (Doc. 4 at 3). Immediately after this conversation, Jefferson County discriminated and retaliated against her, including issuing written warnings and other discipline that caused her to lose pay; denial of leave under the Family Medical Leave Act ("FMLA"); denial of training opportunities available to all employees in her position, including a person twenty years younger than her; and denial of the ability to telework. (*Id.* at 3–5).

On December 30, 2020, Ms. McElroy filed a charge of discrimination with the EEOC. (Doc. 21-2). On September 27, 2022, the EEOC declined to proceed with her charge and issued her a notice of right to sue. (Doc. 21-1). Her counsel was copied on the determination and notice. (*Id.* at 2). On October 18, 2022, the EEOC sent another letter informing Ms. McElroy that their records indicated she did not download the notice of right to sue from the EEOC's online portal. (Doc. 6 at 2). The letter stated it included a courtesy copy of the notice. (*Id.*). Ms. McElroy filed her complaint in this case on January 17, 2023. (Doc. 1).

Ms. McElroy's amended complaint does not reference or attach the EEOC charge, the notice of right to sue, or the October 18th letter. (*See* doc. 4). Jefferson County attached the EEOC charge and the notice of right to sue to its motion to dismiss (docs. 21-1, 21-2) and Ms. McElroy filed the October 18th letter in response

to an order from this court (doc. 6 at 2). The court will consider the EEOC charge and the notice of right to sue because Ms. McElroy mentions them in her complaint (*see* doc. 4 at 6), they are central to her claims, and Ms. McElroy does not dispute their authenticity (*see* doc. 4). And the court will consider the October 18th letter because it is central to Ms. McElroy's claims and Jefferson County does not dispute its authenticity. (*Cf.* doc. 22 at 2).

Ms. McElroy's amended complaint, construed liberally in the light of her status as a *pro se* litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), asserts claims for:

- gender/sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

- age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621(a);

- retaliation in violation of the ADEA, 29 U.S.C. § 621(a); and

- and disability discrimination in violation of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12112(a).

(Doc. 4 at 2–7).

## II.    DISCUSSION

First, the court addresses the gender/sex discrimination claim and the disability discrimination claim. Then the court discusses whether Ms. McElroy's

4

suit is timely and whether her age discrimination and retaliation claims survive on the merits. Finally, the court addresses her claim for punitive damages.

1.  Gender/Sex Discrimination under Title VII

In her amended complaint, Ms. McElroy checked the "gender/sex" discrimination box. (Doc. 4 at 2). Jefferson County moves to dismiss the gender/sex discrimination claim because Ms. McElroy failed to timely file an EEOC charge and because she asserts no allegations of gender or sex discrimination in her amended complaint. (Doc. 22 at 11). Before filing a Title VII action, a plaintiff must file a charge of discrimination with the EEOC. *Patterson v. Ga. Pac., LLC*, 38 F.4th 1336, 1345 (11th Cir. 2022). Although a court does not strictly construe an EEOC charge, even under the most expansive reading of the charge, Ms. McElroy did not allege gender or sex discrimination. (*See* doc. 21-2 at 1–7); *see Patterson*, 38 F.4th at 1345. Therefore, the court **WILL GRANT** Jefferson County's motion to dismiss the gender/sex discrimination claim and **WILL DISMISS** Ms. McElroy's claim **WITH PREJUDICE**. (Doc. 22).

2.  Disability Discrimination

Ms. McElroy also checked the "disability or perceived disability" discrimination box in her amended complaint and identified rheumatoid arthritis as the specific disability. (Doc. 4 at 2). Jefferson County's motion to dismiss substantively addresses Ms. McElroy's ADA claim only in a footnote (*see* doc. 22

at 5 n.3); this court's initial order expressly instructs parties that the court "will not consider substantive arguments made in footnotes" (*see* doc. 19 at 15). And even if the court were to consider the argument, Jefferson County construes Ms. McElroy's amended complaint as asserting only a claim for *retaliation* under the ADA. (Doc. 22 at 5 n.3). The court construes the amended complaint as asserting only a claim for disability *discrimination* under the ADA.[1] (*See* doc. 4 at 2, 6). Therefore, to the extent Jefferson County moves to dismiss Ms. McElroy's claim for disability retaliation, the court **WILL DENY** the motion **AS MOOT**.

### 3.  The Timeliness of the Amended Complaint

Jefferson County moves to dismiss the age discrimination and age retaliation claims as untimely because Ms. McElroy (1) alleges discrimination that predates her EEOC charge by 180 days and (2) failed to file suit ninety days after she received her notice of right to sue.

#### a.  *180-Day Deadline to Bring an EEOC Charge of Discrimination*

Before a plaintiff may bring suit under the ADEA, she must file a charge with the EEOC alleging unlawful discrimination within 180 days after the alleged unlawful practice occurred. *See* 29 U.S.C. § 626(d)(1)(a); *Turlington v. Atl. Gas*

---

[1] While the parties were briefing the motion to dismiss, Ms. McElroy filed a motion to amend her complaint "by adding Disability to the initial protected classes." (Doc. 27). The court denied that motion as moot in a separate order. (Doc. 37).

*Light Co.*, 135 F.3d 1428, 1433, 1435–36 (11th Cir. 1998). Ms. McElroy filed her EEOC charge on December 30, 2020, but her amended complaint alleges discriminatory acts that occurred before July 3, 2020—*i.e.*, more than 180 days before she filed her EEOC charge. (Doc. 21-2; *see* doc. 4 at 2–5).

Jefferson County argues the entire amended complaint should be dismissed with prejudice as procedurally barred because some of the alleged discriminatory acts fall outside the 180-day window. (Doc. 22 at 7–9). But several of the alleged discriminatory acts fall within the 180-day window and are timely. (*See* doc. 4 at 2– 5).

And the alleged discriminatory acts that fall outside the 180-day window may still support some of Ms. McElroy's claims for liability depending on the nature of the acts. (*See* doc. 4 at 2). The court construes Ms. McElroy's amended complaint as alleging discrete discriminatory or retaliatory acts *and* a hostile work environment claim. (*See id.* at 3–5).

For the allegations of discrete discriminatory or retaliatory acts, the pre-July 3, 2020 incidents may not from the basis for liability but they may be used "as background evidence in support of the timely claim." *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 421 F.3d 1169, 1179 (11th Cir. 2005) (quotation marks omitted; alteration accepted). For the allegations supporting a hostile work environment claim, the pre-July 3, 2020 incidents may form the basis for liability because an act

contributing to the hostile work environment occurred after July 3, 2020. (*See* doc. 4 at 4) (describing "an extremely hostile" environment after a September 16, 2020 warning); *see Ledbetter*, 421 F.3d at 1179.

Therefore, the court **WILL DENY** Jefferson County's motion to dismiss the amended complaint as procedurally barred.

### b. Ninety-Day Deadline to File Suit After Notice of Right to Sue

A plaintiff bringing claims under the ADEA must file suit within ninety days after she has adequate notice that the EEOC dismissed the charge. 29 U.S.C. § 626(e); *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000). The EEOC issued its notice of determination that it dismissed her charge and its notice of right to sue on September 27, 2022. (Doc. 21-1). Ms. McElroy filed this suit on January 27, 2023, 122 days after the EEOC issued the notice. (Doc. 21-1; *see also* doc. 1). Jefferson County moves to dismiss Ms. McElroy's amended complaint as untimely because she filed suit more than ninety days after she received her notice of right to sue. (Doc. 22 at 5–6).

But the clock for the ninety-day deadline begins when the claimant, or their counsel, received the notice. (*See* doc. 21-1 at 1) ("Receipt generally occurs on the date that you (or your representative) view this document."). The record before the court is not clear as to when Ms. McElroy, or her counsel, viewed the notice. On October 18, 2022, the EEOC sent Ms. McElroy a letter stating that she had not

downloaded the notice from the online portal and provided her a courtesy copy of the letter. (Doc. 6 at 2). Ms. McElroy represents that she spoke to someone at EEOC who told her the October 18th letter was not mailed until the following day; she alleges she did not receive the letter until after October 18th, but she never alleges the date she received the letter. (*See id.* at 3).

Drawing all reasonable inferences in Ms. McElroy's favor, the October 18th letter suggests she did not view the notice until she received the October 18th letter. *See Edwards*, 82 F.4th at 1311. The court must therefore determine when Ms. McElroy received the October 18th letter. A party is presumed to receive notice three days after its issuance. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984); *see* Fed. R. Civ. P. 6(d). Ms. McElroy is presumed to have received the October 18th letter on October 21, 2022, *see Baldwin*, 466 U.S. at 148 n.1; therefore, the ninety-day deadline expired on January 19, 2023. Accordingly, Ms. McElroy's January 17, 2023 complaint is timely.

Jefferson County also argues Ms. McElroy's attorney is copied on the September 27th notice and that a copy of the notice was sent to her attorney. (Doc. 22 at 6). Although a party is considered to have notice of all facts which can be charged upon their attorney, *see Irwin v. Dep't of Veteran Affs.*, 498 U.S. 89, 92 (1990) (cleaned up), there is no evidence or allegation before the court that her counsel viewed the letter.

Based on the record before the court at this stage of the litigation, the court **WILL DENY** Jefferson County's motion to dismiss Ms. McElroy's amended complaint as untimely.

### 4.  Age Discrimination

Jefferson County also moves to dismiss Ms. McElroy's claim for age discrimination under the ADEA for two reasons: (1) she failed to exhaust her administrative remedies by not timely presenting the charge to the EEOC, and (2) she failed to allege facts in her amended complaint sufficient to support a violation of the ADEA. (Doc. 22 at 12–13). The court does not find these arguments persuasive.

First, Ms. McElroy has timely presented her charge of age discrimination to the EEOC. Although Ms. McElroy did not provide a date for each alleged act of discrimination, she did allege discriminatory acts of age discrimination after July 3, 2020—*i.e.*, within the 180-day window. (*See* doc. 21-2 at 4) (alleging discriminatory acts in July and August 2020).

Second, Ms. McElroy has adequately alleged a claim for relief. As is relevant here, the ADEA makes it unlawful for an employer to discriminate against an individual who is at least forty years old, "with respect to his compensation, terms, conditions, or privileges of employment" or "limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of

10

employment opportunities or otherwise adversely affect his status as an employee." 29 U.S.C. §§ 623(a)(1)–(2), 631(a). To establish a prima facie case of age discrimination, a plaintiff must prove she was: "(1) a member of the protected class; (2) qualified for the position; (3) subjected to adverse employment action; and (4) replaced by a person outside the protected class or suffered from disparate treatment because of membership in the protected class." *Kelliher v. Veneman*, 313 F.3d 1270, 1275 (11th Cir. 2002). A plaintiff does not need to satisfy a prima facie case to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14 (2002); *see also Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 642 (11th Cir. 2018)[2] (applying *Swierkiewicz* to the ADEA).

Here, Ms. McElroy was a member of the protected class because she was in her late sixties during the alleged conduct. (*See* doc. 4 at 2). She alleges she was subject to adverse employment action because she received disciplinary action, including a written warning and suspension without pay; was denied leave under the FMLA; and was denied training opportunities that were available to all employees in her position. (*Id.* at 3–5); *see Turlington*, 135 F.3d at 1434, 1436 n.16. She also alleges a colleague twenty years younger than her was treated more favorably because she was offered training opportunities that Ms. McElroy was denied. (Doc.

---

[2] Although this case is not binding authority, this court finds it persuasive. *See* 11th Cir. R. 35-2; *Santos v. Healthcare Revenue Recovery Grp., LLC*, 85 F.4th 1352, 1363 n.1 (11th Cir. 2023).

4 at 5). Construing the amended complaint liberally in the light of her status as a *pro se* litigant, *see Erickson*, 551 U.S. at 94, and construing the facts in the light most favorable to Ms. McElroy, the court finds she has adequately alleged a claim of age discrimination.

Accordingly, the court **WILL DENY** Jefferson County's motion to dismiss the age discrimination claim.

5. Retaliation

The court construes Ms. McElroy's amended complaint as asserting a retaliation claim under the ADEA and a retaliatory-hostile-work-environment claim, also under the ADEA. (Doc. 4 at 3–5). Jefferson County moves to dismiss the retaliation claims for two reasons: (1) she failed to exhaust her administrative remedies by not timely presenting the charge to the EEOC, and (2) she has failed to allege a prima facie case of retaliation. (Doc. 22 at 13–15).

Jefferson County's first argument fails for the same reasons the court provided regarding the age discrimination claim: Ms. McElroy timely presented her charge to the EEOC because some of the alleged dates of retaliation were after July 3, 2020. (Doc. 4 at 3–5). That leaves only Jefferson County's second argument—that Ms. McElroy failed to plausibly state a claim for ADEA retaliation.

a. ADEA Retaliation

To allege a prima facie case of ADEA retaliation, a plaintiff must show "(1)

12

she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002); *see also* 29 U.S.C. § 623(d). A plaintiff need not prove a prima facie case to survive a motion to dismiss. *See Swierkiewicz*, 534 U.S. at 511, 514.

Ms. McElroy alleges that after she informed her immediate supervisor that the supervisor was discriminating against Ms. McElroy because of her age, her supervisor followed Ms. McElroy to her office, leaned over her desk in a threatening stance and said, in a threatening tone, that Ms. McElroy "was never to say that [her supervisor] discriminated against her because of her age." (Doc. 4 at 3). She alleges that immediately after that incident she was targeted and retaliated against. (*Id.*). She also alleges that she was retaliated against after she complained about a lack of training. (*Id.*). And construing Ms. McElroy's complaint liberally, and drawing all reasonable inferences in her favor, she has plausibly alleged adverse employment actions, such as receiving written and oral warnings, denial of FMLA leave, and denial of training opportunities. (*Id.* at 3–5).

### b. Retaliatory-Hostile-Work-Environment Claim

To adequately allege a retaliatory-hostile-work-environment claim, Ms. McElroy must plead that the harassment "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."

13

*Monaghan v. Wordplay US, Inc.*, 955 F.3d 855, 861 (11th Cir. 2020) (quotation marks omitted); *see Weeks*, 291 F.3d at 1311 (holding that a prima facie case of retaliation is the same under Title VII, the ADEA, and the ADA).

Ms. McElroy alleges that after she complained about discrimination, she was yelled at, humiliated, disciplined for misconduct she did not engage in, denied leave under the FMLA, denied the ability to telework, and denied training opportunities. (Doc. 4 at 3–5). Ms. McElroy has adequately alleged a retaliatory-hostile-work-environment claim.

Accordingly, the court **WILL DENY** Jefferson County's motion to dismiss the retaliation claims.

6.  Punitive Damages

Ms. McElroy seeks as damages the "maximum amount that Alabama permits $500,000." (*Id.* at 6).  Jefferson County moves to dismiss Ms. McElroy's claim for punitive damages. (Doc. 22 at 15–16). Although a plaintiff may recover punitive damages under Title VII and the ADA, *see* 42 U.S.C. § 1981a(a)(1)–(2), a plaintiff is prohibited from recovering punitive damages from a government or government entity. § 1981a(b)(1). Because Ms. McElroy filed suit against a government entity, she is not entitled to recover punitive damages under Title VII and the ADA. *See* §1981a(b)(1); *Booth v. Pasco Cnty.*, 757 F.3d 1198, 1206 n.12 (11th Cir. 2014). And punitive damages are not recoverable under the ADEA. *Goldstein v. Manhattan*

14

*Indus., Inc.*, 758 F.2d 1435, 1446 (11th Cir. 1985).

Accordingly, the court **WILL GRANT** Jefferson County's motion to dismiss Ms. McElroy's claim for punitive damages and **WILL DISMISS WITH PREJUDICE** her claim for punitive damages.

### III.   CONCLUSION

The court **WILL GRANT IN PART AND DENY IN PART** Jefferson County's motion to dismiss. The court **WILL GRANT** the motion to dismiss the gender/sex discrimination claim and will dismiss Ms. McElroy's claim **WITH PREJUDICE**. The court **WILL DENY AS MOOT** the motion to dismiss the disability retaliation claim. The court **WILL DENY** the motion to dismiss the age discrimination and retaliation claims under the ADEA. Finally, the court **WILL GRANT** the motion to dismiss Ms. McElroy's claim for punitive damages and **WILL DISMISS WITH PREJUDICE** her claim for punitive damages.

**DONE** and **ORDERED** this January 12, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

15